1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   YVETTE BRAVO,

11          Plaintiff,                    No. CIV S-08-1982 LKK EFB

12      vs.

13   THE UNITED STATES LIFE INSURANCE
     COMPANY IN THE CITY OF NEW YORK,
14   and DOES 1 through 20, inclusive,
                                          ORDER AND
15          Defendants.                   FINDINGS AND RECOMMENDATIONS

16   _____/

17        On October 28, 2009, the court heard plaintiff's motion to compel defendant, the United

18   States Life Insurance Company in the City of New York, to respond to certain requests for

19   production of documents that plaintiff served upon defendant on September 18, 2009 along with

20   deposition notices. Dckt. No. 25. Attorney John Riestenberg appeared at the hearing on behalf

21   of plaintiff; attorney Michael Brisbin appeared on behalf of defendant. At the hearing, the court

22   ruled on the portion of plaintiff's motion to compel the production of certain medical reviews,

23   and asked for further briefing from the parties regarding plaintiff's requests for the production of

24   certain claims files in light of a declaration filed by defendants' counsel on the eve of the

25   hearing.

26   ////

1

1     Plaintiff filed the requested further briefing on November 2, 2009; defendant filed a

2 responsive brief on November 5, 2009.  Dckt. Nos. 36, 37.  For the reasons stated on the record

3 and the additional reasons stated herein, plaintiff's motion to compel, Dckt. No. 25, is granted in

4 part and denied in part.  It is further recommended to the assigned district judge that the

5 discovery completion deadline of November 15, 2009, be extended to November 30, 2009, for

6 the limited purpose of permitting defendant to produce the discovery at issue in this order.

7     On July 14, 2008, plaintiff filed a complaint against defendant in San Joaquin County

8 Superior Court, alleging claims for breach of contract and breach of the duty of good faith and

9 fair dealing, and seeking general, special, consequential, and punitive damages.  Compl., Dckt.

10 No. 1, Ex. A.  Plaintiff's complaint alleges that she submitted a claim for disability benefits

11 under a Long Term Disability Insurance Policy issued by defendant to her employer, the

12 Stockton Unified School District ("SUSD"); that defendant paid the claim for a period of

13 approximately 10 months; and that defendant then terminated plaintiff's benefits.  *Id.*  Plaintiff

14 alleges that the termination of her benefits was unreasonable and in bad faith, and was "part of a

15 general pattern, practice and policy of handling disability insurance in bad faith and denying

16 claims payments in bad faith."  *Id.* ¶¶ 4-5.  Defendant removed the action to this court on

17 August 20, 2008 on diversity grounds.  Notice of Removal, Dckt. No. 1.

18     According to plaintiff, the original termination of her benefits was based in part upon a

19 medical records review performed by Nurse Joanne Girard, and the denial of plaintiff's appeal

20 was based in part on a medical review performed by Dr. Andrea Wagner.  Dckt. No. 28 at 2.

21 Plaintiff now seeks to compel defendant and its agents, Nurse Girard and Dr. Wagner, to produce

22 samplings of medical reviews done by Dr. Wagner and by Nurse Girard; and a sampling of

23 certain claims statistics and claims files for claims made by coworkers under the insurance

24 policy issued by defendant to the SUSD.  Dckt. Nos. 25, 28.  Defendant objects to these requests

25 on various grounds.  Dckt. Nos. 28, 34.

26 ////

2

1          Dr. Wagner and Nurse Girard's Medical Reviews

2          On September 18, 2009, plaintiff served defendant with notices of depositions of Nurse

3    Girard and Dr. Wagner, along with document requests for a sampling of each of their medical

4    reviews, and on September 29, 2009, plaintiff served defendant with amended notices of

5    deposition and document requests.  Dckt. No. 28 at 4, 14.  Plaintiff contends that evidence of a

6    disability insurer's handling of claims against other insureds is relevant to show a biased

7    investigation or evaluation of a plaintiff's claim, and that a sampling of medical reviews done by

8    Dr. Wagner and Nurse Girard will demonstrate a pattern of finding some vague sedentary or

9    light work capacity, which is used to support claims denial.  Defendant agreed to proceed with

10   the depositions but objected to the production of the medical reviews on the grounds that the

11   requests were overbroad, burdensome, oppressive, and irrelevant; defendant was not given

12   enough time to respond to the requests; production of the requested documents is impossible;

13   and production of the requested documents would violate the privacy rights of third parties.

14         Dr. Wagner and Nurse Girard's medical reviews are relevant to plaintiff's bad faith claim

15   against defendant, because those reviews could lead to the discovery of admissible evidence

16   regarding whether the investigation and/or evaluation of plaintiff's claim was biased, as the

17   complaint alleges.  *See Moore v. Am. United Life Ins. Co.*, 150 Cal.App.3d 610, 625-28 (1984).

18   Additionally, defendant has not shown that the requests are overly burdensome or oppressive.

19   Moreover, although third party privacy concerns could certainly be implicated by plaintiff's

20   requests, plaintiff has specifically sought *redacted* information to avoid any breach of privacy.

21   *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).  Therefore, at

22   the October 28, 2009 hearing, the court ordered defendant to produce documents responsive to

23   plaintiff's Document Request Number 4 to Plaintiff's Amended Notice of Taking the Deposition

24   of Dr. Wagner, namely "[a]ny notes, memoranda, or reports regarding the 50 medical reviews

25   and/or medical records reviews performed by [Dr. Wagner] surrounding the August 16, 2007,

26   medical records review/report done by Dr. Andrea Wagner involving Yvette Bravo . . . , that is,

3

1 the 25 most recent medical records reviews/reports done by the witness before the August 16,

2 2007, medical records review/report and the 25 next medical record review/reports done by the

3 witness following the August 16, 2007, medical records review/report of Yvette Bravo (so that

4 the 50 medical records reviews/reports surrounding the August 16, 2007, report regarding Yvette

5 Bravo are produced sequentially, without gaps or selectivity), where the person whose medical

6 records were reviewed was a disability claimant and the medical record review was performed

7 for, requested by, and/or paid for by University Disability Consortium." The court further

8 ordered that if defendant is unable to produce documents regarding 50 medical reviews

9 performed for, requested by, and/or paid for by University Disability Consortium, then defendant

10 shall produce notes, memoranda, or reports regarding medical reviews performed for, requested

11 by, and/or paid for by Disability RMS, Keenan & Associates or the United States Life Insurance

12 Company in the City of New York (plaintiff's Document Request Number 3 to Plaintiff's

13 Amended Notice of Taking the Deposition of Dr. Wagner), so that documents regarding a total

14 of 50 medical reviews are produced.

15     The court further ordered defendant to produce documents responsive to plaintiff's

16 Document Request Number 3 to Plaintiff's Amended Notice of Taking the Deposition of Nurse

17 Girard, namely "[a]ny notes, memoranda, or reports regarding the 50 medical reviews and/or

18 medical records reviews performed by the witness surrounding the March 26, 2007, medical

19 records review/report done by Nurse Girard involving Yvette Bravo . . . , that is, the 25 most

20 recent medical records reviews/reports done by the witness before the March 26, 2007, medical

21 records review/report and the 25 next medical record review/reports done by the witness

22 following the March 26, 2007, medical records review/report of Yvette Bravo (so that the 50

23 medical records reviews/reports surrounding the March 26, 2007, report regarding Yvette Bravo

24 are produced sequentially, without gaps or selectivity), where the person whose medical records

25 were reviewed was a disability claimant and the medical record review was performed for,

26 requested by, and/or paid for by Disability RMS, Keenan & Associates or the United States Life

1   Insurance Company in the City of New York ('US Life')."

2           The court ordered that any identifying information regarding the insured be redacted

3   from the documents, and indicated that, subject to approval by the district judge of a continuance

4   of the November 15, 2009 discovery deadline, defendant would have thirty days from the date of

5   the hearing to produce the required documents (or until November 27, 2009).

6           Claims Statistics and Claims Files

7           At the October 28, 2009 hearing, the court asked for further briefing from the parties

8   regarding plaintiff's motion to compel the production of claims files related to a June 2006 audit

9   conducted by Keenan & Associates, because on the eve of the hearing, defendant filed a

10  declaration from a Keenan & Associate employee indicating Keenan's inability to produce those

11  claims files.  Specifically, plaintiff's motion to compel seeks production of the claims file for the

12  last 30 of the 169 claims by SUSD employees referenced in the June 2006 audit by Keenan &

13  Associates, and the claims file for each of the 12 employees whose claims were analyzed or

14  audited as reflected in the June 2006 audit (that is, the employees identified in the audit as

15  Employee 1 to Employee 12).  Plaintiff contends that a review of the claims underlying the June

16  2006 Keenan & Associates audit will demonstrate a pattern of claims closure consistent with

17  what happened to plaintiff in this case (approved for a  short period of time, then closed, even

18  though she suffered from a condition which could not reasonably be expected to improve over

19  time, but at best remain stable or degenerate).

20          Plaintiff's further briefing argues that defendant's position that it cannot produce the

21  responsive documents is a "shell game" and argues that the declaration submitted on the eve of

22  the hearing did not establish that *defendant* could not produce the responsive documents, only

23  that *Keenan & Associates* could not produce them.  Dckt. No. 36 at 3-5.  Plaintiff states that "US

24  Life's assertion that it cannot identify or produce the claims files of SUSD employees from May,

25  2005, through May, 2006, the last 30 of those claims files, or the particular claims files analyzed

26  in the audit by Keenan, is not a statement that US Life cannot produce the claims files, it is only

1    a statement that Keenan cannot produce or identify the claims files, because Keenan does not

2    have them." *Id.* at 5.  Plaintiff argues that "[t]he relevance of these claims files is not simply to

3    refute the Keenan audit, but to show to show a pattern and practice of bad faith claims handling."

4    *Id.* at 7.

5          Defendant's further briefing contains declarations of defendant's counsel, Michael

6    Brisbin; a representative of defendant, George Ashmore; a DRMS representative, Mary Knutsen;

7    and a further declaration from the Keenan & Associates employee, Sharon Ujita, all sworn under

8    penalty of perjury.  Dckt. No. 37.  The declarations establish that defendant is unable to produce

9    documents responsive to plaintiff's requests because it cannot identify the claims or data

10   underlying the June 2006 audit since the Keenan & Associates employee who prepared the audit

11   no longer is employed at Keenan & Associates, and after a diligent search, Keenan & Associates

12   has been unable to locate any file from or by the employee who prepared the audit "which refers,

13   identifies, or designates, any of the 12 insureds, the 169 claims, or the 275 claims" mentioned in

14   the audit.  *Id.* at 6.  Therefore, it appears that defendant cannot comply with plaintiff's specific

15   discovery requests regarding the June 2006 audit.

16         However, while defendant may not be able to identify the *specific* claims files identified

17   in the audit, defendant does indicate that it "maintains a claim file for each insured with all of the

18   relevant documents for each file."  *Id.* at 6-7.  Therefore, defendant could produce some claims

19   files for the relevant time period.  Plaintiff indicates in her supplemental briefing that the last 30

20   "claims files of SUSD employees from May, 2005, through May, 2006," would be relevant to

21   plaintiff's claims, even if those files do not address the specific claims identified in the audit.

22   Such claims files are relevant to plaintiff's theory that defendant had a pattern and practice of

23   approving claims for a short period of time, paying a small amount of money on such claims,

24   then closing the claims out.  Although defendant contends plaintiff did not make these

25   allegations in her complaint, her complaint alleges that defendant engaged in "a general pattern,

26   practice and policy of handling disability insurance claims in bad faith and denying claims in bad

1 faith," and seeks exemplary/punitive damages.  Compl. ¶ 5, Prayer.  Because such claims files

2 are relevant and their production would not be unduly burdensome or oppressive for defendant,

3 and because defendant's third party privacy concerns can be addressed through redaction,

4 defendant will be ordered produce the claims files for the last 30 claims made by SUSD

5 employees between May 2005 and May 2006.  The claims files shall be redacted so as to

6 eliminate any identifying information regarding the insured, and subject to approval by the

7 district judge of a continuance of the November 15, 2009 discovery deadline, shall be produced

8 on or before November 30, 2009.

9          Accordingly, IT IS HEREBY ORDERED that:

10          1.          Plaintiff's motion to compel, Dckt. No. 25, is granted in part and denied in part;

11          2.          Defendant shall produce redacted documents responsive to plaintiff's Document

12 Request Number 4 to Plaintiff's Amended Notice of Taking the Deposition of Dr. Wagner, as

13 stated at the October 28, 2009 hearing and as stated herein;

14          3.          Defendant shall produce redacted documents responsive to plaintiff's Document

15 Request Number 3 to Plaintiff's Amended Notice of Taking the Deposition of Nurse Girard, as

16 stated at the October 28, 2009 hearing and as stated herein; and

17          4.          Defendant shall produce redacted claims files for the last 30 claims made by

18 SUSD employees between May 2005 and May 2006.

19          It is further RECOMMENDED that the discovery completion deadline of November 15,

20 2009, be extended to November 30, 2009, for the limited purpose of permitting defendant to

21 produce the discovery at issue in this order.

22          These findings and recommendations are submitted to the United States District Judge

23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Not later than

24 November 23, 2009, any party may file written objections with the court and serve a copy on all

25 parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

26 Recommendations."  Failure to file objections within the specified time may waive the right to

1    appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

2    *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3    Dated:   November 13, 2009.

4                                                   EDMUND F. BRENNAN
                                                    UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

8