IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YVETTE BRAVO,

     Plaintiff,                      No. CIV S-08-1982-LKK-EFB

     vs.

THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, and DOES 1 through 20, inclusive,

     Defendants.

ORDER AND AMENDED
FINDINGS AND RECOMMENDATIONS

     On November 13, 2009, the undersigned issued an order and findings and recommendations regarding plaintiff's motion to compel defendant to respond to certain requests for production of documents ("November 13 order"). Dckt. No. 38. The order required defendant to produce various documents in response to plaintiff's discovery requests, and recommended that the discovery completion deadline of November 15, 2009 be extended to November 30, 2009, for the limited purpose of permitting defendant to produce the discovery at issue. *Id.* at 7.

     On November 23, 2009, defendant filed objections to the portions of the November 13 order requiring defendant to "produce redacted documents responsive to plaintiff's Document Request Number 3 to Plaintiff's Amended Notice of Taking the Deposition of Nurse

1

Girard," and requiring defendant to "produce redacted claims files for the last 30 claims made by SUSD employees between May 2005 and May 2006." Dckt. No. 39 at 2. Although defendant construed those portions of the November 13 order as "recommendations," they were actually orders issued pursuant to Local Rule 302(c)(1).[1] As a result, defendant's objections were construed as a request for reconsideration by the undersigned of those portions of the November 13 order addressed in the objections. Plaintiff was directed to file a response to the request for reconsideration on or before December 3, 2010. Plaintiff timely filed a response on December 3, 2010. Dckt. No. 43.

<u>Document Request Number 3 to Plaintiff's Amended Notice of Deposition of Nurse Girard</u>

Defendant contends in its objections that compliance with the portion of the court's November 13 order requiring defendant to produce redacted documents responsive to document request number 3 to plaintiff's amended notice of deposition of Nurse Girard (specifically, documents regarding Nurse Girard's 50 medical reviews surrounding her March 26, 2007 review of plaintiff – the 25 medical reviews performed before plaintiff's medical review and the 25 performed after) would require defendant "to review 1910 claim files for March and April 2007" and that it will likely cost defendant "between $13,200.46 to $14,616.10 to undertake said review." Dckt. No. 39 at 2; Dckt. No. 40, ¶¶ 11, 17, 19, 21. According to a declaration in support of defendant's objections, Nurse Girard's employer, Disability RMS, "does not have any list of US Life or other client claims reviewed by Nurse Girard or any other Nurse medical consultant for the calendar year 2007[;] it only keeps said list for the current calendar year in which work is being performed." Dckt. No. 40, ¶ 6. Defendant's objections explain that because plaintiff's medical review occurred on March 26, 2007, in order to locate the 25 medical reviews performed by Nurse Girard immediately before plaintiff's medical review and the 25 medical reviews performed by Nurse Girard immediately after plaintiff's medical review,

---

[1] Formerly Local Rule 72-302(c)(1).

defendant will have to review each file from March and April 2007. Therefore, defendant contends that compliance with the request is unduly burdensome and requests the court to reconsider its order requiring such compliance. Defendant also states that "[i]n the event the Court will require [defendant] to review 1910 files, after considering [its] objections, [defendant] respectfully requests this Court order Plaintiff to pay the cost to retrieve and review said files [or] pay at least 50% of the involved costs." Dckt. No. 39 at 3. Defendant also requests a continuance of the discovery deadline to December 18, 2009 for the sole purpose of obtaining, retrieving, redacting, and copying the responsive documents. *Id.*

Plaintiff counters that defendant's objections to the requirement "that it produce 50 of Nurse Girard's medical reviews should be overruled" because defendant's "factual representations regarding burdensomeness are untimely (to the point of being grossly unfair)"; defendant's "factual representations regarding the burden of producing Nurse Girard's medical reviews should be viewed with suspicion, because [defendant] made virtually identical objections with respect to the burdensomeness of producing Dr. Wagner's medical reviews, which objections have been exposed to be misrepresentations"; defendant's "factual representations regarding the burden of producing Nurse Girard's medical reviews exaggerate the burden by describing the most burdensome method of producing such reviews, without considering less burdensome methods"; and the burden defendant describes in terms of expense and time does not constitute undue burden. Dckt. No. 43 at 3.

Defendant has not adequately explained the reasons for its delay in establishing the burden of responding to discovery requests that plaintiff served on defendant on September 18, 2009. Additionally, as plaintiff contends, any burden on defendant from compliance with this portion of the discovery order is not undue, in light of defendant's failure to meet and confer with plaintiff regarding that alleged burden and because it appears that defendant may not have considered other less burdensome methods of compliance. Nonetheless, the court notes that in plaintiff's statement regarding discovery, Dckt. No. 28 at 17, plaintiff agreed to accept the 50

1  *most recent* medical reviews by Nurse Girard as an alternative to its request for the 50 medical
2  reviews *surrounding* plaintiff's medical review.  Although defendant has not established what
3  the burden of producing Nurse Girard's 50 most recent medical reviews would be, in light of
4  defendant's explanation that although it does not have a list of Nurse Girard's medical reviews
5  from 2007, it does keep such lists "for the current calendar year in which work is being
6  performed," it appears that the burden of producing Nurse Girard's 50 most recent medical
7  reviews would be significantly less than the burden of producing the 50 surrounding plaintiff's
8  medical review. Dckt. No. 40, ¶ 6.  Moreover, in light of the declarations submitted in support
9  of defendant's objections, it appears that it would likely be significantly less burdensome for
10 defendant to produce 50 of Nurse Girard's medical reviews from March 2007 (which would only
11 require review of the March 2007 claims) than it would be to produce the 50 surrounding
12 plaintiff's medical review (which would require at least a review of all March 2007 and April
13 2007 claims), yet the reviews produced would not appear to be any less beneficial to plaintiff.
14      Therefore, the November 13 order is amended to require defendant to produce all notes,
15 memoranda, or reports regarding 50 medical reviews and/or medical records reviews performed
16 by Nurse Girard, where the person whose medical records were reviewed was a disability
17 claimant and the medical record review was performed for, requested by, and/or paid for by
18 Disability RMS, Keenan & Associates, or defendant.  This production shall be made in one of
19 the following ways: (1) defendant shall produce any notes, memoranda, or reports regarding the
20 50 medical reviews and/or medical records reviews performed by Nurse Girard surrounding
21 plaintiff's March 26, 2007 medical records review, that is, the 25 most recent medical records
22 reviews/reports done by Nurse Girard before the March 26, 2007 medical records review and the
23 25 next medical record review/reports done by Nurse Girard following the March 26, 2007
24 medical records review (so that the 50 medical records reviews/reports surrounding the March
25 26, 2007, report regarding plaintiff are produced sequentially, without gaps or selectivity);  (2)
26 alternatively, defendant shall produce any notes, memoranda, or reports regarding 50 medical

4

reviews and/or medical records reviews performed by Nurse Girard in March 2007[2]; *or* (3) defendant shall produce any notes, memoranda, or reports regarding the 50 most recent medical reviews and/or medical records reviews performed by Nurse Girard.

As stated in the November 13 order, any identifying information regarding the insured shall be redacted from the documents. Further, subject to approval by the district judge of a continuance of the November 15, 2009 discovery deadline, defendant has until December 11, 2009 to produce these responsive documents. Defendant's request that the court require plaintiff to either pay or share in the cost of producing these documents is denied.

Claims Files for the Last 30 Claims made by SUSD Employees Between May 2005 & May 2006

Defendant's objections to the November 13 order also contend that there was not enough time between November 13 and November 30, 2009 for defendant "to obtain, review, redact and produce the last 30 Stockton Unified School District claim files" and therefore requests an extension of the discovery cut-off to Friday, December 18, 2009 for the sole purpose of obtaining, retrieving, redacting, and copying those responsive documents. Dckt. No. 39 at 4. Plaintiff responds that defendant's "entire course of action had been a transparent effort to push the production date out past the extended November 30, 2009, discovery cutoff in order to make Plaintiff's request and the Magistrate Judge's Order appear unreasonable and burdensome" and that defendant's delay tactics should not be rewarded. Dckt. No. 43 at 10. Nonetheless, in light of the amount of discovery required to be reviewed, redacted, and produced, the undersigned will recommend that the discovery cut-off be extended to December 11, 2009 for the limited purpose of obtaining, reviewing, redacting and producing the discovery addressed in this order.

////

---

[2] If Nurse Girard did not perform at least 50 medical reviews in March 2007 where the person whose medical records were reviewed was a disability claimant and the medical record review was performed for, requested by, and/or paid for by Disability RMS, Keenan & Associates, or defendant, defendant shall comply with this order by producing the 50 medical reviews required by this order in one of the other two ways outlined above (unless plaintiff agrees to accept fewer than 50 medical reviews).

Accordingly, IT IS HEREBY ORDERED that:

1. The portion of the November 13 order requiring defendant to produce "redacted documents responsive to plaintiff's Document Request Number 3 to Plaintiff's Amended Notice of Taking the Deposition of Nurse Girard, as stated at the October 28, 2009 hearing and as stated [in the November 13, 2009 order]" is vacated;

2. Subject to the district judge's approval of the recommended continuance of the discovery deadline, on or before December 11, 2009, defendant shall produce all notes, memoranda, or reports regarding 50 medical reviews and/or medical records reviews performed by Nurse Girard, where the person whose medical records were reviewed was a disability claimant and the medical record review was performed for, requested by, and/or paid for by Disability RMS, Keenan & Associates, or defendant. This production shall be made in one of the following ways: (1) defendant shall produce any notes, memoranda, or reports regarding the 50 medical reviews and/or medical records reviews performed by Nurse Girard surrounding plaintiff's March 26, 2007 medical records review, that is, the 25 most recent medical records reviews/reports done by Nurse Girard before the March 26, 2007 medical records review and the 25 next medical record review/reports done by Nurse Girard following the March 26, 2007 medical records review (so that the 50 medical records reviews/reports surrounding the March 26, 2007, report regarding plaintiff are produced sequentially, without gaps or selectivity); (2) alternatively, defendant shall produce any notes, memoranda, or reports regarding 50 medical reviews and/or medical records reviews performed by Nurse Girard in March 2007; *or* (3) defendant shall produce any notes, memoranda, or reports regarding the 50 most recent medical reviews and/or medical records reviews performed by Nurse Girard.

3. Subject to the district judge's approval of the recommended continuance of the discovery deadline, on or before December 11, 2009, defendant shall produce redacted claims files for the last 30 claims made by SUSD employees between May 2005 and May 2006, as addressed in the November 13 order.

Additionally, the recommendation contained within the November 13 order and findings and recommendations is AMENDED as follows: It is RECOMMENDED that the discovery completion deadline of November 15, 2009, be extended to November 30, 2009, for the limited purpose of permitting defendant to produce the discovery at issue in the November 13 order, and extended to December 11, 2009, for the limited purpose of permitting defendant to obtain, retrieve, redact, copy, and produce the discovery at issue in this order.

DATED: December 4, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE